SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Richard Paul Norris,                )    No. CV 07-2530-PHX-DGC (LOA)
                                     )
        Plaintiff,                   )    **ORDER**
                                     )
vs.                                  )
                                     )
Clerk of Court, Maricopa County, et al.,  )
                                     )
        Defendants.                  )
_____    )

        Plaintiff Richard Paul Norris, who is confined in the Arizona State Prison Complex, SMU I, in Florence, Arizona, filed a *pro se* Complaint without paying the $350.00 civil action filing fee or a proper Application to Proceed *In Forma Pauperis*. Dkt.# 1. In an Order filed on January 22, 2008, the Court gave Plaintiff 30 days within which to pay the filing fee or file a completed Application to Proceed *In Forma Pauperis*. Dkt.# 9. On January 29, 2008, Plaintiff filed a document captioned "Affidavit of Prejudice," in which he requested reassignment of this action to another judge, which the Court construed as a motion to recuse pursuant to 28 U.S.C. § 455(a) or (b)(1), and denied. Dkt.# 10, 11. Plaintiff has since filed documents captioned "Judicial Notice and Commercial Order to Discharge," "Motion for Judicial Notice and Recusal," and "Judicial Notice of Foreign Public Document." Dkt.# 12, 13, 14. To the extent that any relief is sought in these documents, they will be denied and the Complaint and this action dismissed as frivolous.

**I.      Motion for Judicial Notice and Recusal**

        In his "Motion for Judicial Notice and Recusal," Plaintiff asks this Court to recuse based upon its prior rulings in this case. Section 455(a) provides that a United States judge

"shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The only basis asserted for recusal in Plaintiff's motion is Plaintiff's disagreement with Court rulings in this case. He fails to assert any legally cognizable basis to suggest that the Court's impartiality might reasonably be questioned for purposes of § 455(a). Plaintiff's motion to recuse will be denied.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's Complaint will be dismissed as legally frivolous.

**III.     Complaint**

Plaintiff captions his Complaint as "Complaint: Commercial Fraud and Dishonor." Dkt.# 1 at 1. Plaintiff sues the Clerk of Court for Maricopa County and the "Superior Court

1    of Arizona."

2        Plaintiff identifies himself as "Richard Paul Norris ©, Ens Legis, an unincorporated

3    trust and juristic person."[1] Dkt.# 1 at 1.  Plaintiff, as his own creditor and trustee, purports

4    to grant the Court jurisdiction pursuant to Rule 17 of the Federal Rules of Civil Procedure

5    and the Uniform Commercial Code (UCC) §§ 1-103, 1-301.  Id. at 2.  Plaintiff seeks

6    reimbursement of $115.00 deducted from his inmate trust account for a civil case he filed in

7    Maricopa County Superior Court against his former criminal defense attorney and others,

8    Norris v. Salazar, case# CV2007001451.[2]  A copy of Plaintiff's inmate trust account attached

9    to his Complaint indicate that such payments were forwarded to the Clerk of Court for

10   Maricopa County Superior Court.

11       The theory advanced by Plaintiff for recovery of these charges is that he obtained a

12   security interest in himself and his inmate trust account by filing a financing statement as a

13   public record, which purportedly made him his own creditor.  Plaintiff contends on this basis

14   that he had security interest in his inmate trust account superior to any interest of the

15   Maricopa County Clerk of Court.  As relief, Plaintiff seeks reimbursement of the $115.00,

16   discharge of "all accounts in Plaintiff's name," and costs.  Dkt.# 1 at 3-4.

17       A frivolous claim is one which has no basis in fact or law.  See Neitzke v. Williams,

18   490 U.S. 319, 328 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

19   Plaintiff's claim has no basis in law and is patently frivolous.  Accordingly, Plaintiff's

20   _____

21       [1] Other litigants have made similar assertions, typically in unsuccessful attempts to
22   avoid legal liability for their acts. See, e.g., Miller v. Hassinger, 173 Appx. 948, n. 6 (3d Cir.
     2006); Tchakarski v. U.S., 69 Fed. Cl. 218, 219 n. 1 (Fed. Cl. 2005); Hudson v. Caruso, No.
23   1:05-cv-32, 2007 WL 2363308 at *1 (W.D. Mich. Aug. 16, 2007); American Silver LLC v.
     Emanuel Covenant Communities, No. 2:06CV843DAK, 2007 WL 1468600 at *2, n. 6 (D.
24   Utah May 17, 2007); Nelson v. Computer Credit, Inc., No. CIV 06-1054 JRT/FLN, 2006 WL
25   3858243 (D. Minn. 2006); United States v. Cooper, No. CV 05-0821 PHX-DGC, 2006 WL
     3716749 at * 1, n. 1 (D. Ariz. Nov. 27, 2006); United States v. Saunders, No. 5:06mc3-RS,
26   2006 WL 2425515 at *2 (N.D. Fla. Aug. 18, 2006); United States v. Rivera, No. CR.01-
27   60124-HO, Civ.05-6171-HO, 2005 WL 1745563 at *1 (D. Or. Jul. 22, 2005).

28       [2]  See  http://www.courtminutes.maricopa.gov/docs/Civil/052007/m2672269.pdf;
     http:\\www.courtminutes.maricopa.gov/docs/Criminal/032007/m2583205.pdf.

Complaint and this action will be dismissed.

**IT IS ORDERED**:

      (1)      Plaintiff's "Judicial Notice and Commercial Order to Discharge," "Motion for Judicial Notice and Recusal," and "Judicial Notice of Foreign Public Document" are **denied** to the extent that any relief is sought therein.  Dkt.# 12, 13, 14.

      (2)      The Complaint is **dismissed with prejudice**.  Dkt.# 1.

      (3)      The Clerk of Court must enter judgment accordingly and must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

      DATED this 25th day of March, 2008.

David G. Campbell
United States District Judge